United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Thomas Van Osten  
Cynthia Ann Van Osten  
    Debtors

Case No. 20-13152-djb  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-2      User: admin      Page 1 of 3  
Date Rcvd: Oct 20, 2025      Form ID: 3180W      Total Noticed: 14

The following symbols are used throughout this certificate:  
**Symbol**      **Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 22, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | Thomas Van Osten, Cynthia Ann Van Osten, 107 Charlotte Drive, Churchville, PA 18966-1381 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**  
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | | Email/Text: megan.harper@phila.gov | Oct 21 2025 00:38:00 | City of Philadelphia, City of Philadelphia Law Dept., Tax Unit/Bankruptcy Dept, 1515 Arch Street 15th Floor, Philadelphia, PA 19102-1595 |
| smg | | EDI: PENNDEPTREV | Oct 21 2025 04:27:00 | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |
| 14528529 | | Email/PDF: bncnotices@becket-lee.com | Oct 21 2025 00:42:33 | American Express National Bank, c/o Becket and Lee LLP, PO Box 3001, Malvern PA 19355-0701 |
| 14535684 | + | EDI: AISACG.COM | Oct 21 2025 04:27:00 | Capital One Auto Finance, a division of Capital On, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |
| 14535695 | + | EDI: AIS.COM | Oct 21 2025 04:27:00 | Capital One Bank (USA), N.A., 4515 N Santa Fe Ave, Oklahoma City, OK 73118-7901 |
| 14532000 | + | Email/Text: ECMCBKNotices@ecmc.org | Oct 21 2025 00:38:00 | ECMC, PO BOX 16408, St Paul, MN 55116-0408 |
| 14523563 | | EDI: IRS.COM | Oct 21 2025 04:27:00 | INTERNAL REVENUE SERVICE, PO Box 7346, Philadelphia, PA 19101-7346 |
| 14546740 | | Email/PDF: resurgentbknotifications@resurgent.com | Oct 21 2025 00:42:56 | LVNV Funding, LLC, Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |
| 14926505 | | Email/Text: mtgbk@shellpointmtg.com | Oct 21 2025 00:38:00 | NewRez LLC d/b/a Shellpoint Mortgage, Servicing, P.O. Box 10826, Greenville, South Carolina 29603-0826 |
| 14548359 | | EDI: PRA.COM | Oct 21 2025 04:27:00 | Portfolio Recovery Associates, LLC, POB 41067, Norfolk VA 23541 |
| 14545816 | | EDI: Q3G.COM | Oct 21 2025 04:27:00 | Quantum3 Group LLC as agent for, Comenity Capital Bank, PO Box 788, Kirkland, WA 98083-0788 |
| 14525923 | + | Email/Text: enotifications@santanderconsumerusa.com | Oct 21 2025 00:38:00 | SANTANDER CONSUMER USA INC., P.O. BOX 961245, FORT WORTH, TX 76161-0244 |
| 14531676 | + | Email/Text: nsm_bk_notices@mrcooper.com | Oct 21 2025 00:38:00 | THE BANK OF NEW YORK MELLON, Nationstar Mortgage LLC d/b/a Mr. Cooper, ATTN: Bankruptcy Dept, PO Box 619096, Dallas, TX 75261-9096 |

TOTAL: 13

Case 20-13152-djb    Doc 91    Filed 10/22/25    Entered 10/23/25 00:39:52    Desc Imaged
Certificate of Notice    Page 2 of 5

| District/off: 0313-2 | User: admin | Page 2 of 3 |
|---|---|---|
| Date Rcvd: Oct 20, 2025 | Form ID: 3180W | Total Noticed: 14 |

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 22, 2025        Signature:        /s/Gustava Winters

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 20, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| CHRISTOPHER A. DENARDO | on behalf of Creditor The Bank Of New York Mellon F/K/A The Bank Of New York as successor in interest to JP Morgan Chase Bank  N.A. as Trustee for Structured Asset Mortgage Investments II Trust 2006-AR3 Mortgage Pass-Throu logsecf@logs.com |
| DANIEL P. MUDRICK | on behalf of Joint Debtor Cynthia Ann Van Osten dpmudrick@verizon.net g30229@notify.cincompass.com;mudrick.danielb128559@notify.bestcase.com |
| DANIEL P. MUDRICK | on behalf of Debtor Thomas Van Osten dpmudrick@verizon.net g30229@notify.cincompass.com;mudrick.danielb128559@notify.bestcase.com |
| DENISE ELIZABETH CARLON | on behalf of Creditor The Bank Of New York Mellon F/K/A The Bank Of New York as successor in interest to JP Morgan Chase Bank  N.A. as Trustee for Structured Asset Mortgage Investments II Trust 2006-AR3 Mortgage Pass-Throu bkgroup@kmllawgroup.com |
| DENISE ELIZABETH CARLON | on behalf of Creditor THE BANK OF NEW YORK MELLON bkgroup@kmllawgroup.com |
| HEATHER STACEY RILOFF | on behalf of Creditor The Bank Of New York Mellon F/K/A The Bank Of New York as successor in interest to JP Morgan Chase Bank  N.A. as Trustee for Structured Asset Mortgage Investments II Trust 2006-AR3 Mortgage Pass-Throu logsecf@logs.com |
| JASON BRETT SCHWARTZ | on behalf of Creditor Capital One Auto Finance  a division of Capital One, N.A. bkecf@friedmanvartolo.com, bankruptcy@friedmanvartolo.com |
| KENNETH E. WEST | ecfemails@ph13trustee.com  philaecf@gmail.com |
| KERI P EBECK | on behalf of Creditor Specialized Loan Servicing  LLC as Servicing Agent for the Bank of New York Mellon f/k/a the Bank of New York as Successor Indenture Trustee to JPMorgan Chase Bank, National Association for CWHEQ Revo kebeck@bernsteinlaw.com, btemple@bernsteinlaw.com;kebeck@ecf.courtdrive.com;agilbert@bernsteinlaw.com |
| MICHELLE L. MCGOWAN | on behalf of Creditor The Bank Of New York Mellon F/K/A The Bank Of New York as successor in interest to JP Morgan Chase Bank  N.A. as Trustee for Structured Asset Mortgage Investments II Trust 2006-AR3 Mortgage Pass-Throu mimcgowan@raslg.com |
| MICHELLE L. MCGOWAN | on behalf of Creditor The Bank of New York Mellon mimcgowan@raslg.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |

District/off: 0313-2 | User: admin | Page 3 of 3
Date Rcvd: Oct 20, 2025 | Form ID: 3180W | Total Noticed: 14

TOTAL: 12

| **Information to identify the case:** | |
|---|---|
| Debtor 1  Thomas Van Osten  First Name   Middle Name   Last Name | Social Security number or ITIN   xxx–xx–1921  EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2  Cynthia Ann Van Osten  (Spouse, if filing)   First Name   Middle Name   Last Name | Social Security number or ITIN   xxx–xx–9205  EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court   Eastern District of Pennsylvania | |
| Case number:   20–13152–djb | |

## Order of Discharge 12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Thomas Van Osten                Cynthia Ann Van Osten

10/20/25                         **By the court:** Derek J Baker
                                                   United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**
Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2>**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**